[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#119)
The plaintiff, Fleet Mortgage Corporation, filed this foreclosure action on April 2, 2001, against, inter alia, the defendants, Ian Martin Davis and Zehava Gizella Davis. The plaintiff filed this motion for summary judgment as to liability only on August 23, 2001, and the defendants filed an objection to the motion for summary judgment on September 6, 2001.
The plaintiff's affidavit attests that the defendants executed and delivered a note, which provided for a loan, in the amount of $1,000,000 to the Shawmut Mortgage Company (Shawmut) on October 20, 1989. The defendants secured this note by executing a mortgage on property located CT Page 1425 at 45 Calhoun Drive, Greenwich, Connecticut, to Shawmut. The plaintiff's affidavit attests that the plaintiff became the successor in interest to Shawmut and consequently the holder of the note and mortgage effective May 31, 1996. Said mortgage was modified by partial release on September 25, 1997, and recorded on October 9, 1997, in the Greenwich land records. The plaintiff's affidavit further attests that the defendants have failed to make their monthly principal and interest payments since November 1, 2000. The plaintiff consequently accelerated the balance due on the note and has elected to foreclose the mortgage securing the note.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751-752, 660 A.2d 810 (1995).
"To make out its prima facie case, [the plaintiff must] prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendants have] defaulted on the note." WebsterBank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975 (1999). The plaintiff's affidavit attests that it is the owner and holder of the note and mortgage; (Affidavit, ¶ 14); and that the defendants are in default. (Affidavit, ¶¶ 8-10.)
The defendant's objection to the summary judgment motion is based in part on the ground that the plaintiff is no longer a proper party because it has since merged with Washington Mutual Home Loans, Inc., and therefore no longer independently exists or owns the note and mortgage. As evidence of this, the defendants submit a written notice dated May 23, 2001, addressed to the defendants and written on behalf of the plaintiff. The relevant portion of the notice provides: "As you may be aware, Fleet National Bank has agreed to sell its mortgage company, Fleet Mortgage Corp. ("Fleet Mortgage") to Washington Mutual Bank, FA. As part of this acquisition, Washington Mutual Bank, FA plans to merge Fleet CT Page 1426 Mortgage into Washington Mutual Home Loans, Inc. ("Washington Mutual"), one of its subsidiaries." (Defendant's Memorandum, Exhibit A). General Statutes § 33-820 (a) provides: "When a merger takes effect: (1) Every other corporation party to the merger merges into the surviving corporation and the separate existence of every corporation except the surviving corporation ceases. . . ." The court agrees with the defendants that this notice raises a genuine issue of material fact as to whether the plaintiff is currently the owner of the note and mortgage and therefore a proper party, or whether, as a result of the merger, it no longer exists as an entity. Moreover, the court notes that the affidavit submitted by the plaintiff was made by Dean La Rocha, who is identified as the "Assistant Sec[retary] with Washington Mutual Home Loans, Inc., servicing agent for the Plaintiff, Fleet Mortgage Corporation." (Affidavit, ¶ 2.) The position of the affiant does little to clarify the true entity that owns the note and mortgage. The plaintiff's motion for summary judgment is denied.
The defendant has sufficiently met its burden of showing the existence of a disputed material fact. Therefore the plaintiff's motion for summary judgment is denied.
HICKEY, J.